Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL XI

| GABRIELA JIMÉNEZ ROLDÁN<br><br>Recurrida<br><br>v.<br><br>AMBAR C. VÉLEZ SANTIAGO<br><br>Peticionaria | TA2026CE00618 | *Certiorari*<br>Procedente del Tribunal de Primera Instancia, Sala de SAN JUAN<br><br>Caso Núm.:<br>SJ2026MU04488<br><br>Sobre:<br>Ley Núm. 284-1999, Ley contra el Acecho en Puerto Rico |

Panel integrado por su presidenta la Jueza Rivera Marchand, la Jueza Mateu Meléndez y la Jueza Boria Vizcarrondo.

Mateu Meléndez, Jueza ponente

## **RESOLUCIÓN**

En San Juan, Puerto Rico, a 5 de junio de 2026.

El 15 de mayo de 2026, Ámbar C. Vélez Santiago (en adelante, la peticionaria o Vélez Santiago) presentó ante este Tribunal de Apelaciones por derecho propio el recurso de *certiorari* de epígrafe. Su comparecencia respondió la *Orden de Protección* dictada y notificada por el Tribunal de Primera Instancia, Sala Municipal de San Juan (TPI o foro primario) en el caso de epígrafe a favor de Gabriela Jiménez Roldán (Jiménez Roldán o la recurrida) y en su contra.[1]

Evaluado este escrito y escuchado la grabación de la vista sobre orden de protección celebrada en el caso, **denegamos** expedir el auto de *certiorari*.

-I-

Tal cual surge del legajo apelativo, el 15 de mayo del año en curso el foro primario expidió en el caso SJ2026MU04488 la *Orden de Protección* recurrida. Surge del propio documento que la parte recurrida peticionó

---

[1] Ese mismo día, Vélez Santiago sometió una *Solicitud para declaración de indigencia* que concedimos mediante *Resolución* emitida el 29 de mayo de 2026.

dicha orden en contra de la peticionaria. Escuchada la prueba, el TPI establecio los siguientes hechos:

> Escuchada la prueba y creída se dan los [elementos] de Ley 284, Peticionaria actual pareja de la ex pareja de la Peticionada, quienes tienen dos hijas en común de 10 y 12 años. El pasado [] 21 de abril, fueron a entregar a las menores, Peticionada acechó, amenazó e intervino ilegalmente de forma agresiva, gritando, dando puños en el [cristal] del vehículo de motor, mientras las menores se encontraban adentro del vehículo de motor. Posteriormente, [ese] mismo día la Peticionada se personó de forma agresiva al Cuartel de Monte Hatillo [de la] Policía de PR, nuevamente bloqueó con su vehículo para que la Peticionaria no pudiera salir, intervino ilegalmente con la Peticionaria y las menores [alteradas], gritando improperio y amenazando. Posteriormente, se personó a Burlington de la 65th.

Basándose en tales hechos, el foro primario le prohibió a Jiménez Roldán:

- Acercarse, molestar, intimidar, amenazar o de cualquier forma interferir con la parte peticionaria, los (las) menores, sus familiares, sus compañeros(as) de trabajo; y acercarse al hogar, trabajo, escuela, cuido, vehículo, o interferir con los bienes y las finanzas de la parte peticionaria o de los (las) menores bajo su custodia.

- Interferir, contactar o comunicarse con la parte peticionaria o los (las) menores por cualquier medio, incluyendo, pero sin limitarse a, llamadas telefónicas, mensajes de texto o de voz, cartas, facsímiles, métodos impresos, redes sociales, medios electrónicos o por conducto de terceras personas.

De igual forma, le ordenó la entrega a la Policía de cualquier arma de fuego y licencia de armas que le pertenezca o que esté bajo su control, ordenándosele a un agente del orden público a incautar armas de fuego y suspender cualquier licencia de armas de fuego de la parte peticionada durante la vigencia de la orden de protección. Al no estar de acuerdo con la orden expedida, Vélez Santiago instó el recurso de epígrafe en el que en síntesis, expone:

> Quiero que se realice un recurso de revisión ya que no estoy de acuerdo con esta orden de protección.

> Gabriela, estuvo en mi casa alterándome la paz, se le ha dicho que no puede ir a mi casa ni compartir con mis hijas ya que ella no sigue mis reglas.

> El 21 de abril de 2026, fue a mi casa a alterarme la paz ya que quedé en un acuerdo con el papá de las nenas para que se fuera al cine con ellas.

> Ella me tuvo a las nenas ilegalmente y no quiso dármelas en el momento en que se lo pedí delante de mis hijas.
>
> Le ordenó a las nenas que no se salieran de la guagua donde ellas las tenía y no quiso dármelas.
>
> Maltrata a mis hijas psicológicamente y no sigue las instrucciones de como yo intervengo o crio a mis hijas.
>
> La jueza no quiso escucharme ya que Gabriela llevó abogado.
>
> Temo por mi vida y la de mis hijas.

Atendido el recurso, y a los fines de promover la disposición rápida y eficiente del recurso, el 29 de mayo de 2026 dictamos *Resolución* en la que, entre otras cosas, le ordenamos al foro primario a remitirnos la regrabación de la vista celebra el 15 de mayo de 2026. El 2 de junio de 2026, la recibimos. La parte recurrida no ha comparecido dentro del plazo disponible para así hacerlo, por lo que damos por sometido el asunto sin el beneficio de su comparecencia y nos apretamos a resolver.

**-II-**

*A.*

El vehículo procesal de *certiorari* permite a un tribunal de mayor jerarquía a revisar discrecionalmente las órdenes o resoluciones interlocutorias emitidas por una corte de inferior instancia judicial. *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194, 195 (2023) al citar a *McNeil Healthcare v. Mun. Las Piedras I*, 206 DPR 391, 403 (2021) y otros. La característica distintiva del recurso de *certiorari* descansa en la discreción encomendada a este Tribunal de Apelaciones para autorizar su expedición y adjudicar sus méritos. *Íd*. De ordinario, la discreción consiste en "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera". *BPPR v. SLG Gómez-López*, 213 DPR 314 (2023) y casos allí citados. Empero, el ejercicio de la discreción concedida "no implica la potestad de actuar arbitrariamente, en una u otra forma, haciendo abstracción del resto del derecho." *Íd*. Ahora bien, en los procesos civiles, la expedición del recurso discreción de *certiorari* se encuentra delimitada a las

instancias y excepciones contenidas en la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V R 52.1. *Allio v. Santiago Chardon*, 2026 TSPR 13, 217 DPR ___ que establece que este se expedirá cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo.[2]

De otro lado, el examen de estos autos discrecionales no se da en el vacío o en ausencia de otros parámetros. *800 Ponce de León v. AIG*, 205 DPR 163 (2020). Para ello, la Regla 40 de nuestro Reglamento establece ciertos indicadores a tomar en consideración al evaluar si se debe o no expedir un recurso de *certiorari*.[3] Estos criterios, pautan el ejercicio sabio y prudente de la facultad discrecional judicial. *Mun. de Caguas v. JRO Construction*, 201 DPR 703, 712 (2019).

Nuestro Más Alto foro ha establecido que como regla general no se interferirá con las facultades discrecionales de los foros primarios, excepto en aquellas circunstancias en las que se demuestre que éstos: (1) actuaron con prejuicio o parcialidad; (2) incurrieron en un craso abuso de discreción, o (3) se equivocaron en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo. *Rivera et al. v. Arcos Dorados et al.*, *supra,* a la pág. 210 y casos allí citados. En lo pertinente, se ha definido la discreción judicial como "una forma de razonabilidad aplicada al discernimiento

---

[2] Además, y a modo de excepción, podremos revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia, cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión. *Íd.*

[3] Así pues, según la citada regla, estos indicadores son: si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho; si la situación de hechos planteada es la más indicada para el análisis del problema; si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia; si el asunto planteado exige una consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados; si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración; si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio; o si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. Véase, Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re. Aprob. Enmdas. Reglamento TA*, 2025 TSPR 141, 216 DPR ___ (2025).

judicial para llegar a una conclusión justiciera." *Íd.¸* al citar a *Bco. Popular de PR v. Mun. de Aguadilla*, 144 DPR 651, 657-658 (1997). Así pues, la discreción no implica que los tribunales puedan actuar de una forma u otra en abstracción del resto del Derecho. *Íd.*

*B.*

El 21 de agosto de 1999, nuestra Asamblea Legislativa aprobó la Ley Número 284 de dicho año, 33 LPRA Sec. 4013, *et seq.*, mejor conocida como la *Ley contra el acecho en Puerto Rico* (Ley 284-1999). Según definido por dicho estatuto, "acecho" significa una conducta mediante la cual se ejerce una vigilancia sobre determinada persona; se envían comunicaciones verbales o escritas no deseadas a una determinada persona, se realizan amenazas escritas, verbales o implícitas a determinada persona, se efectúan actos de vandalismo dirigidos a determinada persona, se hostiga repetidamente mediante palabras, gestos o acciones dirigidas a intimidar, amenazar o perseguir a la víctima o a miembros de su familia.[4]

El inciso "a" del Artículo 4 de la discutida ley establece que "[t]oda persona que intencionalmente manifieste un patrón constante o repetitivo de conducta de acecho dirigido a intimidar a una determinada persona a los efectos de que ella, o cualquier miembro de su familia podría sufrir daños, en su persona o en sus bienes; o que mantenga dicho patrón de conducta a sabiendas de que determinada persona razonablemente podría sentirse intimidada incurrirá en delito menos grave."

La Ley 284-1999 autoriza a los tribunales a emitir una orden de protección a favor de cualquier persona que haya sido víctima de acecho, o conducta constitutiva del delito, según tipificado en dicha ley, en el Código Penal de Puerto Rico o en cualquier otra ley especial. 33 LPRA Sec. 4015. Dicha orden podrá ser peticionada por la alegada víctima, quien deberá presentar por sí, por conducto de su representante legal o por un agente del

---

[4] 33 LPRA Sec. 4013.

orden público, una petición en el tribunal solicitando una orden de protección, sin que sea necesario la prestación previa de una denuncia o acusación. Tal petición, también podrá ser presentada por un patrono a favor de un empleado o una empleada si: (1) dicho empleado o empleada es o ha sido víctima de acecho o de conducta constitutiva de delito según tipificado en esta Ley; y (2) los actos constitutivos de acecho han ocurrido en el lugar de trabajo de dicho empleado o empleada o en las inmediaciones de dicho lugar de trabajo. *Íd*.

Cuando el tribunal determine que existen motivos suficientes para creer que quien acude ante dicho foro ha sido víctima de acecho, podrá emitir una orden de protección en la que podrá ordenarle a la persona contra la que se emite dicha orden a que:

a. entregue a la Policía de Puerto Rico para su custodia, bien sea con carácter temporero, indefinido o permanente, cualquier arma de fuego sobre la cual se le haya expedido una licencia de tener o poseer de portación y tiro al blanco o ambas. Además, según fuere el caso, ordenará la suspensión de la licencia de armas del querellado bajo los mismos términos.

b. Se abstenga de:

   i. molestar, hostigar, perseguir, intimidar, amenazar, o de cualesquiera otras formas constitutivas bajo esta Ley de acecho, a la parte a favor de la que se emitió la orden.
   ii. penetrar en cualquier lugar donde se encuentre la parte a favor de la que se emitió la orden, cuando a discreción del tribunal dicha limitación resulte necesaria para prevenir que se moleste, intimide, amenace o de cualquier otra forma se aceche y/o se interfiera con la parte a favor de la que se emitió la orden y/o un miembro de su familia.

c. Pague a la parte a favor de la que se emitió la orden una indemnización por los daños que fueren causados por la conducta constitutiva de acecho, la que podrá incluir, pero no estará limitada a compensación por gastos de mudanza, gastos por reparaciones a la propiedad, gastos legales, gastos médicos y siquiátricos, gastos de sicólogos y de consejería, orientación, alojamiento, y otros similares, sin perjuicio de otras acciones civiles a las que tenga derecho la parte peticionaria.

d. desaloje la residencia que comparte con la parte a favor de la que se emitió la orden, independientemente del derecho que reclame sobre la misma. Podrá el tribunal también disponer sobre cualquier medida provisional respecto a la posesión y uso de la residencia de la que se haya ordenado el desalojo y los bienes muebles que se encuentren en esta; ordenar al dueño o encargado de un establecimiento residencial del que se haya ordenado el desalojo a tomar las medidas necesarias para que no se viole la orden emitida por el tribunal; y, emitir cualquier

orden necesaria para dar cumplimiento a los propósitos y política pública de esta Ley.[5]

En cuanto al proceso específico para la expedición de una orden de protección, el Artículo 6 de la Ley 284-1999, 33 LPRA Sec. 4016, establece que este comenzará (1) mediante la presentación de una petición verbal o escrita; (2) dentro de cualquier caso pendiente entre las partes; (3) a solicitud del Ministerio Fiscal en un procedimiento penal; o (4) como una condición para disfrutar de sentencia suspendida o libertad condicional. Presentada la petición de orden de protección, el tribunal expedirá una citación a las partes bajo apercibimiento de desacato para una comparecencia dentro de un término no mayor de cinco (5) días. La notificación de tal citación deberá efectuarse conforme las Reglas de Procedimiento Civil. La incomparecencia de una persona debidamente citada será condenable como desacato criminal al tribunal que expidió la citación. *Íd*.

Cabe señalar que los tribunales, también pueden emitir una orden de protección de forma *ex parte*, cuando: (1) se han hecho las gestiones de forma diligente para notificar a la parte peticionada con copia de la citación expedida por el tribunal y de la petición presentada ante el tribunal, sin tener éxito; (2) existe la probabilidad de que dar la notificación previa a la parte peticionada provocará el daño irreparable que se intenta prevenir al solicitar la orden de protección, o (3) cuando la parte que solicita la orden de protección demuestre que existe una probabilidad sustancial de un riesgo inmediato a su seguridad y/o la de algún miembro de su familia. 33 LPRA Sec. 4017.

## C.

Es norma hartamente conocida en nuestro ordenamiento jurídico que, ante la ausencia de error manifiesto, prejuicio, parcialidad o pasión, no

---

[5] Véase Artículo 5, inciso (c) de la Ley 284-1999.

se favorece la intervención de los tribunales apelativos en "la apreciación de la prueba", la adjudicación de credibilidad o las determinaciones de hechos formuladas por el Tribunal de Primera Instancia. *Peña Rivera v. Pacheco Caraballo*, 213 DPR 1009, 1011 (2024) al citar a *Ortiz Ortiz v. Medtronic*, 209 DPR 759, 778 (2022) y otros.

Esta deferencia judicial, está predicada en que los jueces de las salas de instancias están en mejor posición de aquilatar la prueba testifical debido a que estos tienen la oportunidad de oír, ver y apreciar el comportamiento del testigo. *Íd.*, al mencionar a *Ortiz Ortiz v. Medtronic*, *supra* a la pág. 779, y otros. La deferencia debida a los foros primarios se extiende tanto a la adjudicación de credibilidad que éstos realizan sobre los testigos que declaran ante sí, como a las determinaciones de hechos que el juzgador de hechos realiza. *Pueblo v. Negrón Ramírez*, 213 DPR 895, 897 (2024), al citar a *Pueblo v. Toro Martínez*, 200 DPR 834, 836 (2018) y otros. Sin embargo, a modo de excepción, los foros apelativos estamos en las mismas condiciones que el tribunal de instancia para intervenir y apreciar *de novo* la prueba documental que se haya presentado en un juicio. *Id*., al citar a *Díaz García v. Aponte Aponte*, 125 DPR 1, 3 (1989). Así pues, la regla de deferencia discutida se exceptúa cuando se trata de determinaciones de hechos que se apoyan exclusivamente en prueba documental o pericial, ya que los tribunales apelativos estamos en idéntica posición que el tribunal inferior al examinar este tipo de prueba y adoptar nuestro propio criterio. *Pueblo v. Hernández Doble*, 210 DPR 850 (2022) al citar a *González Hernández v. González Hernández*, 181 DPR 746 (2011).

Es menester señalar que existe error manifiesto cuando el foro apelativo queda convencido de que existe un conflicto entre las conclusiones alcanzadas por el Tribunal de Primera Instancia y el balance más racional, justiciero y jurídico de la totalidad de la evidencia recibida. Entiéndase pues, cuando la apreciación de la prueba se distancia de la

realidad fáctica o es inherentemente imposible o increíble. *Peña Rivera v. Pacheco Caraballo*, *supra* a la pág. 1012. Por su parte, el concepto de pasión, prejuicio y parcialidad han sido definido como aquellas inclinaciones personales de tal intensidad que llevan a un juzgador a actuar movido por éstas y a adoptar posiciones, preferencias o rechazos con respecto a las partes o sus causas, sin admitir cuestionamientos sobre las mismas y sin importar la prueba que se haya presentado en el juicio. *Pueblo v. Negrón Ramírez*, *supra*, al mencionar a *Ortiz Ortiz v. Medtronic*, *supra* y demás casos allí citados.

Aparte de lo previamente consignado, un foro apelativo puede intervenir con las determinaciones de hechos y la apreciación de la prueba si se demuestra que este incurrió en un abuso de discreción al apreciar y adjudicarla. A tales efectos, se incurre en abuso de discreción cuando el juez: "(1) ignora sin fundamento algún hecho material importante que no podía pasar por alto; (2) concede demasiado peso a un hecho inmaterial y funda su decisión principalmente en ese hecho irrelevante, o (3) a pesar de examinar todos los hechos del caso, hace un análisis liviano y la determinación resulta irrazonable".

-III-

Según arriba consignamos, Vélez Santiago acude ante nos por no estar conforme con la orden de protección que el foro primario emitió en su contra. Al así hacer, no señala la comisión de un error específico. No obstante, ante su reclamo de no haber sido escuchada, y con el fin de cumplir con nuestra función revisora, nos dimos a la tarea de escuchar la regrabación de la vista celebrada en el caso de epígrafe para entender sobre lo ocurrido allí.

Como antes indicamos, el TPI estableció los hechos en los que descansó la expedición de la orden de protección impugnada por Vélez Santiago. Según allí detalló, tras haber escuchado la prueba, la juzgadora

de hechos dio por cierto que Vélez Santiago intervino con la recurrida agresivamente "gritando, dando puños en el [cristal] del vehículo de motor, mientras las menores se encontraban adentro del vehículo de motor. Posteriormente, [ese] mismo día la Peticionada se personó de forma agresiva al Cuartel de Monte Hatillo [de la] Policía de PR, nuevamente bloqueó con su vehículo para que la Peticionaria no pudiera salir, intervino ilegalmente con la Peticionaria y las menores [alteradas], gritando improperio y amenazando."

Al escuchar la regrabación de la audiencia celebrada, advertimos que cada uno de los hechos señalados por el foro primario descansan en el testimonio brindado por Jiménez Roldán durante la audiencia celebrada y la credibilidad que el mismo le mereció.[6] Asimismo notamos que, habiéndosele dado oportunidad para expresarse y defenderse, la peticionaria no atendió ninguna de las alegaciones específicas levantadas en su contra. Por el contrario, trajo a la atención del tribunal asuntos que en nada desmienten lo declarado por la recurrida.

Escuchada la prueba vertida durante la vista para orden de protección celebrada en el caso, no encontramos razón por la cual debamos intervenir con la credibilidad que el TPI le atribuyó a la prueba recibida, ni con su apreciación de esta. Tampoco identificamos presente alguno de de los criterios que la Regla 40 de nuestro Reglamento enuncia para la expedición del recurso del *certiorari*. A nuestro juicio, la decisión recurrida no es contraria a derecho, en esta no ha mediado prejuicio ni parcialidad por parte del TPI. Tampoco nos parece que el foro primario haya abusado de su discreción. Al ser así, merece nuestro respeto.

---

[6] Es menester mencionar que, durante la misma, tanto Jiménez Roldán como Veléz Santiago, presentaron para la evaluación de la Jueza sendos videos tomados desde sus respectivos celulares. Por tanto, el foro primario tuvo ante su consideración, evidencia adicional a las alegaciones levantadas contra la peticionaria.

-IV-

Por todo lo antes consignado, denegamos expedir el auto de *certiorari*.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones